**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 11, 2006[*]
Decided October 12, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1785

| | |
|---|---|
| JONATHON D. HOLTZ,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MICHAEL F. SHEAHAN, Sheriff, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 06 C 0977<br><br>Harry D. Leinenweber,<br>*Judge.* |

**O R D E R**

In 2006 Jonathon Holtz filed a § 1983 action against officials at the Cook County Jail and other officials, claiming that they failed to protect him from a sexual assault alleged to have occurred when he was a pretrial detainee in July

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

1987.  The district court dismissed the complaint because it was time-barred.  We affirm.

Holtz rightly concedes that the two-year statute of limitations applied by the district court was correct.  *See Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004).  The alleged attack occurred more than 19 years before Holtz filed his complaint.  Holtz argues that the statute of limitations for his claim should have been tolled because he was mentally disabled.  He says that in 1998 the Social Security Administration found him to have a mental disability.  But disability for purposes of Social Security benefits is not the same thing as disability that tolls the Illinois limitations period.  *See* 735 Ill. Comp. Stat. 5/13-202 (2006); *Bloom v. Braun*, 739 N.E.2d 925, 933 (Ill. App. Ct. 2000).  A mental disability tolls the limitations period in Illinois only if a person is "entirely without understanding or capacity to make or communicate decisions regarding his person" and "totally unable to manage" his affairs.  *Basham v. Hunt*, 773 N.E.2d 1213, 1221 (Ill. App. Ct. 2002) (internal quotation marks and citation omitted); 735 Ill. Comp. Stat. 5/13-211 (2006).  Holtz alleged that he was assaulted in July 1987, so the statute of limitations expired in July 1989 unless Holtz can show that the statute was tolled by his mental disability before that date.  But the earliest of the medical records presented by Holtz is from 1997.  Moreover, although these records clearly establish that Holtz suffers from mental illness, a psychiatrist who treated Holtz in 1998 described him as alert and oriented with organized speech and determined that Holtz was apparently capable of taking care of himself.  In 2000, the same doctor noted that Holtz reported feeling the best he had felt in years, and in 2004 he noted that Holtz feared recent improvements in his mental health would cause him to lose his benefits.  These records do not show that Holtz has been so unable to understand or manage his affairs for the past 19 years as would toll the limitations period under Illinois law.

AFFIRMED.